Again, good morning, Your Honors. Basically, I'm here representing a former employee of the Navy. He had been hired, basically, as a maintenance person on air conditioning. He'd been working there for 20 months. After the 20 months, he was discharged. Okay, but the statute says there's a two-year probationary period. I'm going to address that, Your Honors. Well, I'm asking you, how could it be that there's an employee contract that abrogates the two-year statutory period? I'm going to... Wait, don't interrupt me, please. And the Supreme Court's decision in Merrill, for example, says you can't have a contract unless there's authority. How could someone have authority to enter into a contract that's contrary to the statute? I think DigZoom still stands in the case that I'm representing. Basically, the fact is that there was an exhibit, Appendix 25 and 29 are basically contracts that were submitted to my client as an offer of employment, which guaranteed his employment. I don't think you're answering the question. How could it be that somebody in the government has the authority to enter into a contract which is contrary to the statute? Basically, it was an error in the government, Your Honor. It wasn't an error on my client. Yes, but the government, even if the government makes an error, it can't make a contract if there's no authority, and there's no authority if it's contrary to the statute. I think... Don't interrupt if it's contrary to the statute. Your Honor, I think the main issue was the SF-50, correct? That that basically, at the beginning, was determining the length of my client's employment. And there's no dispute that that's wrong, but Judge Dyke's point, I think, in which you haven't responded to, is why does that matter at the end of the day if the statute provided for it? Because there's a line of case... Let me finish. If the statute provides for a two-year probationary period, okay, we all acknowledge that somebody messed up at some point on the SF-50, and then they corrected it. But how does that get you to the relief you're seeking here? I hate to always interrupt. I sometimes just feel like necessity, but I'm sorry. I apologize. Basically, there's a line of cases that was even submitted by the government, which indicated some of their cases basically went in line with if there's a change in the SF-50, that there's a duty potentially to notify the person that there is going to be a change in their tenure, and that was on several of the cases. Now, they tried to carve out the Exum case was showing different transfers would then not be covered by the Exum case, which I understand. But in this case, we have a situation where we've got an employee who becomes, from his perspective, a one-year employee working for 20 months. At no time during that 20 months does anybody tell him that his SF-50 has been changed. There's nothing in the record to indicate that. And again, I can certainly look at the brief of the government in regards to this, where they've actually indicated not saying it was negligence, but they're saying it was erroneously issued. Now, who should that fall on? Should it fall on the person who, in good faith, takes a job? Or should it fall on the government to estoppel that they can't change something that they've already put in course? Mr. Smith, you make what to me is a very appealing argument, which is the government, by the way, didn't make the mistake. Some bureaucrat, some paper pusher in the system filled it out in ignorance of the statute. OK, the problem is that while I'm attracted by your argument, we have a line of cases that go back to, I don't know how far back, that say if a bureaucrat erroneously does something that's inconsistent with what Congress has authorized, the bureaucrat's wrong. And there's nothing we can do about that. Now, there's a whole line of cases that say that. The exceptions are the situation where somebody comes in and says, I want to change my status. And the bureaucrat says, oh, OK, no problem. Change your status. We'll do it. But the bureaucrat doesn't bother to tell the employee. And by the way, when you do that, you're suddenly going to lose all your rights. That's that's a different case than we have here. This is this is the basic hard case of the employee who is told one thing and the law is something else. And I agree with you. In my view, the harm should fall on the bureaucrat who ought to lose his or her job. But the issue is, should the government be bound by the ignorance of its bureaucrats? And the answer the law has always said is no. Well, I mean, that that happens to be the law. How do you want us to get around? I believe in the Grisby case, the Grisby case turned, which is the government's case. Basically, they reviewed and actually said, well, we find this SF-50 is not legally binding. We note that the government may not be free of all circumstances to exclude the effects of their errors. Now, it's been pointed out in the brief by the government that they did an error and they referred to that many times. The Exum case on which you rely in the oral argument has been specifically disapproved by us in Williams. Well, basically, it's not good law. It's not good law when we're dealing with transfers. What you have is a sort of a watershed type case. You've got a situation where somebody has gone to work, vigorously work for 20 months. And during those 20 months, nobody brings it to their attention that, oh, by the way, you're to your probationary point. There's this expectation of comfort. There's an expectation that I should be able to come to work knowing that I'm no longer a probationary employee, that I can feel free to look that I'm going to be protected by my job. That's the only thing that's at issue here. It's not the issue of transfer. It's not the issue of I tried to apply for a different job like Williams. The difference is this is a straightforward, is this type of an estoppel case that the government can't back off from. I've used up some of my time. Okay. Well, let's turn to the government. We'll reserve the remainder. Thank you. Thank you. Good morning. May it please the court. This is the battle of the smiths. I'd like to start with the point, unless there's a question. Why shouldn't somebody who is misled by the bureaucracy have some remedy? Because the law says there is none. The law is very clear under Grigsby, Lopez, similar cases, that what is on the SF-50 is not determinative. It is not controlling. The true nature of the appointment is what governs. There is no implied in fact contract with the government. There is case law going back more than 20 years stating that government positions are a matter of appointment and not of contract, unless there cannot be an implied contract. And regarding what Mr. Smith said about there not being any notice to Mr. Awe, that's incorrect. On page appendix 37, it shows that the agency actually issued about five months into his tenure a corrected SF-50, showing the correct appeal rights. This was well over a year before he was fired. So it's simply not correct that he learned of this on the day of his firing. What happens when you get a revised SF-50? Does the employee get it, or is it just it gets put in his personnel file? The employee should get it. It goes in his personnel file, and there should be notification to him of that. Certainly, currently there is. Most agencies use an electronic personnel file, which gives notification to the employees through an automated system. So unless something went wrong with that, he should have received the notice, and he certainly never said he didn't receive the notice. But the government never said he did get notice either. Well, it's the petitioner's burden to prove it, Your Honor. It's his burden before the MSPB. He never raised this issue before the MSPB. In fact, he never submitted anything before the MSPB except his initial appeal documents. Is it your view that notice was required or that somehow if he had not gotten notice of the change? No, that's not our view. Because if the SF-50 remained the same, then what would happen? Our view is that even if the SF-50 had remained the same, the outcome would be the same. I simply wanted to address the contention that he didn't receive the notice when, in fact, it's clear that he did. What about if an employee, I come to you and I say, are you sure this is only a one-year probation because I'm about to quit my other good job that I love, and I think that's a really important factor for me, and I wouldn't quit my job and come here if this were a two- rather than a one-year probationary period? And you sit there and say, yep, you have my assurance, and I do all this stuff, and I move my family, and I sell my house, and I take this job, and I've made it clear, that's my understanding. Same difference, right? Same difference. It's obviously a very unfortunate situation. That's the situation that was covered under EXIM and some of those other cases that the court overruled last year in the Williams case.  But there is no implied effect contract that would accrue against the government. So that anybody who takes a job with the government should have a lawyer. Is that what you're telling us? Well, I think there's – no, I wouldn't say that exactly. I mean, I would say that while it's unfortunate, this is not an uncommon occurrence. This actually happens all the time. It's not reassuring. It's not reassuring, but it's true. I don't know about Mr. Au, but a lot of employees are members of unions. Unions can certainly provide information. HR can provide information. And Mr. Au actually appears to have had previous government service, and so he should have been well aware of the very idea that there might be a probationary period. This should not have been a surprise to him, even if the length of the period might have been at some point a surprise. Okay. If there are no further questions. Thank you. Thank you. Again, I'm looking at this court as also making the law, as also interpreting the law, but also as a court of equity. And, again, I think the argument that I'm making, maybe it's the first time I haven't seen anything in all of the lexes that I've done that would fit this because everything is separate. All people who are working, people who voluntarily were asking for transfers. What I'm really asking this court is to remand the case back so it can be determined that he is subject to one year condition for probation, and that they should have allowed him to challenge that he did perform as general. I mean, just to say, we're not going to look at what you did. We're going to look at what Honor said. The law is the law. Well, if we had the law as the law, there wouldn't be much left from maybe the early Constitution because we would be bound by that. But things change. And that's what I'm asking this court to do, is to look at making it so it's equitable, making it so that the MSPB board does their job. And I would appreciate the remand. Unless there's any questions. Thank you. We thank both sides and the case is submitted.